[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties in this dissolution action were married in Madison, Connecticut on October 16, 1982.
The court has jurisdiction by virtue of the fact that the plaintiff resided in Connecticut for at least twelve months immediately prior to the commencement of this action.
There is one minor child who is issue of the marriage: Steven Christopher Gray, born July 6, 1984.
The marriage has broken down irretrievably and there is no reasonable prospect of reconciliation.
The parties lived together for approximately seven years before they were married.
The defendant, who had recurrent problems with alcohol, developed a desire to move to Florida, where he thought his employment prospects would be better. The parties were not getting along well and had major differences of opinion concerning child-rearing. The plaintiff was unwilling to leave an area where her son had started school and go to a location where she had no friends, family, job or child care.
The parties have sold their house and divided the proceeds, and the defendant has moved to Florida, where he describes his employment prospects as favorable even though he is now working only part-time and is otherwise indulging in leisure activities. His conduct as a whole indicates a strategy of keeping his CT Page 4206 earnings low pending the resolution of this action.
The plaintiff is working at two separate jobs as a waitress, the only occupation in which she has any substantial experience or prospects of employment. It is necessary for her to expend money for child care while she is at work.
A decree of dissolution of the marriage shall enter.
The court finds that it is in the best interest of the minor child that the plaintiff have custody. The defendant shall have the right of reasonable visitation upon reasonable notice to the plaintiff. Because of the child's age, attributes, and needs, all visitation shall be exercised in Connecticut unless the defendant accompanies the child to travel to Florida. Until the child is ten years old, any visitation in Florida shall be for time periods of six or fewer days, and shall take place during school vacations. The plaintiff shall be advised in advance of all travel plans and the address and location at which the child can be reached during any visitation. The defendant shall have the right to converse by telephone with the child at reasonable times. In determining the amount of child support, the court has considered all of the factors stated in 46b-84(b) C.G.S. and has been further guided by the statutory guidelines as to child support. Finding that the defendant's earning capacity exceeds his present level of effort and that he has, by his own account, an ability to increase his earnings, the court orders the defendant to pay child support in the amount of $95.00 per week. An immediate wage execution is hereby authorized.
The defendant is ordered to provide medical and dental insurance for the benefit of the minor child to the extent that it is available through his employment. He shall bear the cost of such insurance.
In the event that medical insurance for the minor child is available to the plaintiff, the defendant may satisfy the obligation to provide insurance by paying the premium applicable to insurance for the child under coverage available to the plaintiff. He shall, in all events, be obligated to pay half of any unreimbursed expenses for medical, dental or mental health care incurred for the benefit of the minor child. This order shall be subject to 46b-84c C.G.S.
The defendant shall immediately pay the plaintiff $302.12, which the court finds to be half of the health care costs reasonably incurred on behalf of the minor child since the parties separated.
Having taken into consideration the factors set forth in CT Page 420746b-82 C.G.S., the court orders that the defendant shall pay the plaintiff lump sum alimony in the amount of $2,500.00. Payment shall be made within two weeks of this order.
The parties shall be responsible for their own counsel fees.
The parties shall retain the motor vehicles listed on their own financial affidavit. The defendant shall indemnify and hold the plaintiff harmless as to any liabilities incurred by him before entry of this judgment.
BEVERLY J. HODGSON, Judge.